Jeffrey L. Fazio (146043) (jlf@fazmiclaw.com)
Dina E. Micheletti (184141) (dem@fazmiclaw.com)
**Fazio | Micheletti llp**
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925-543-2555
F: 925-369-0344

Attorneys for Plaintiff
Keaton Harvey, on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEATON HARVEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation, and DOES 1-20, inclusive,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR DAMAGES AND FOR EQUITABLE RELIEF**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |



Plaintiff, Keaton Harvey, on behalf of himself and all others similarly situated, allege as follows:

**PARTIES**

1. Plaintiff, Keaton Harvey, is a resident of New York, New York, who owned an iPhone 6 before replacing it with a newer-model iPhone that he purchased from Defendant Apple Inc.

2. Defendant Apple Inc. ("Apple"), is a corporation that was created under the laws of the State of California, and has its principal place of business in Cupertino, California.

3. Plaintiff is unaware of the true names and capacities of Does 1 through 100 and sues them by fictitious names. Plaintiff will amend this Complaint to include these Doe defendants' true names and capacities when they are ascertained. Each Doe defendant is responsible in some manner, including without limitation, as aiders and abettors, for the conduct alleged in this Complaint.

4. At all times mentioned in this Complaint, each and every defendant was an agent, representative, or employee of each and every other defendant and in doing the things alleged in this Complaint, each and every defendant was acting within the course and scope of such agency, representation or employment and was acting with the consent, permission and authorization of each of the remaining defendants. Each defendant's actions alleged in this Complaint were ratified and approved by the other defendants and their respective officers, directors, or managing agents.

**JURISDICTION AND VENUE**

5. This Court has diversity jurisdiction over the claims asserted herein on behalf of a nationwide class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by the Class Action Fairness Act. Jurisdiction is proper because

    a. the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs, the proposed class includes

|   |   |
|---|---|
| 1 | more than 100 members, more than one of whom reside in a state |
| 2 | other than California; and |
| 3 | b. Apple has purposefully availed itself of the privilege of conducting |
| 4 | business activities within the State of California, where Apple is |
| 5 | incorporated; has its principal place of business; where its officers |
| 6 | direct, control, and coordinate Apple's corporate activities; where Apple |
| 7 | engaged in the unlawful conduct alleged in this Complaint by, *inter* |
| 8 | *alia*, designing and selling the iPhone 5C, iPhone 6, the iPhone 6 Plus, |
| 9 | the iPhone 6S, the iPhone 6S Plus, the iPhone 7, and the iPhone 7 Plus |
| 10 | (and possibly other) Apple smartphones (collectively, the "Affected |
| 11 | iPhones") with software that causes Affected iPhones to operate more |
| 12 | slowly, and by implementing and executing the illegal, unfair, |
| 13 | fraudulent, and unconscionable corporate policies and practices alleged |
| 14 | herein; and by maintaining systematic and continuous business |
| 15 | contacts with the State, primarily through its Cupertino headquarters. |

6. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, and California Civil Code section 1780(d), because the conduct alleged in this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

7. The iPhone is an internet and multimedia-enabled "smartphone" designed and marketed by Apple. Apple introduced the original iPhone for sale in the United States in or about June 2007. Since then, Apple has introduced a succession of new models of the iPhone, including the Affected iPhones.

8. Each year, Apple, like its competitors, must find ways to encourage prospective customers to purchase the latest model of its product. Plaintiff is informed and believes that persuading consumers to replace their existing devices with new ones becomes more difficult as consumers become familiar with iPhone technology and more difficult to impress with new features. Plaintiff is also

-2-

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

informed and believes that consumers, including himself, will purchase a new smartphone if they perceive problems with the performance of their current device.

9. Although he had cared for his Affected iPhone (an iPhone 6) meticulously from the moment he purchased it, it was not without problems. Plaintiff's Affected iPhone would shut down suddenly, even when its battery levels were well over 50 percent. And, in addition to other performance problems, Plaintiff began to observe that his Affected iPhone had begun to operate in an extremely sluggish manner, making it difficult to perform basic functions on the device. Ultimately, the problems Plaintiff continued to experience with his Affected iPhone got to the point where he was compelled to replace it. Based on Apple's reputation and the belief that the iPhone was superior to smartphones offered by competitors, Plaintiff replaced his Affected iPhone with a new iPhone at a cost of more than $1,000.

10. Plaintiff is informed and believes that Apple was aware of a defect in his Affected iPhone at the time he purchased a new one, and not only failed to disclose what it knew, but made deliberately misleading statements that were intended to conceal the nature and scope of that defect.

11. In or about November 2016, Apple announced that a "very small number" of Affected iPhones (specifically, the iPhone 6S and iPhone 6S Plus) were affected by a problem that caused those devices to shut down, suddenly and unexpectedly, "for no apparent reason." Plaintiff is informed and believes that, in actuality, Apple knew that the lithium-ion batteries that it installed in Affected iPhones were causing the devices to shut down unexpected, notwithstanding that their battery levels were at as much as 60 percent when the shut-down occurred.

12. Despite claiming that the shutdowns were occurring for "no apparent reason," Apple also announced that it had initiated a battery-replacement program that was limited to the iPhone 6S and the iPhone 6S Plus, and that neither the

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

shutdown problem nor the battery-replacement program would serve to extend the applicable warranty.

13. Plaintiff is informed and believes that Apple's announcement was misleading and that Apple knew it was misleading at the time it made the announcement in November 2016. Apple admitted publicly that a "small number of customers outside the affected range [(*i.e.,* Affected iPhones other than the 6S and the 6S Plus)] have also reported a shutdown." *See* Jeff John Roberts, "Why It's Time for Apple to Come Clean About the iPhone Battery," *Fortune* (Dec. 27, 2016) (available online at http://fortune.com/2016/12/27/apple-iphone-6-battery-problem/). Apple went on to claim, however, that "[s]ome of these shutdowns can occur under normal conditions for the iPhone to protect its electronics." *Id.*

14. Plaintiff is informed and believes that these statements were deliberately misleading as well. In actuality, the lithium-ion batteries in all Affected iPhones cause them to operate erratically and to shut down the device unexpectedly due to the batteries' inability to handle the demand created by processor speeds (the "battery defect").

15. Rather than curing the battery defect by providing a free battery replacement for all Affected iPhones, Apple sought to mask the battery defect by modifying the iPhone operating system ("iOS") so that it reduces Affected iPhones' processing speeds in an effort to prevent their batteries from causing erratic operation and unexpected shutdowns.

16. But modifying iOS not only allowed Apple to conceal the true nature and scope of the battery defect and to avoid expending time, money, and effort on correcting it, Apple's decision to modify iOS instead had an added benefit to Apple: the modified iOS would slow the performance of Affected iPhones, which would serve to compel consumers to replace them with new iPhones—just as Plaintiff did.

17. This is not mere speculation. Recently, a company that performed laboratory testing of Affected iPhones discovered that After denying the existence of

-4-
COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

a battery problem for over a year, Apple recently admitted that it modified iOS in a manner that slowed the performance of Affected iPhones, but characterized this effort as a "feature":

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

Shara Tibiken, "Apple admits slowing older iPhones, says it's to prevent battery issues," *C/Net* (Dec. 20, 2017) (available online at https://www.cnet.com/news/apple-slows-down-older-iphone-battery-issues/#ftag=CAD-09-10aai5b).

18. Notwithstanding the purported benefits of this "feature," Apple focused exclusively on the number of shutdowns it purportedly prevented, but said nothing about the fact that it also slowed the performance of Affected iPhones until after the iOS modification was discovered during independent laboratory testing. "The statement from Apple came in response to a report from earlier this week from Primate Labs, the company behind the Geekbench processor benchmark software. John Pool, the founder of the organization, said . . . that processors in iPhones slow down and decrease in performance as batteries age and lose capacity. Poole explained that users expect their phones to perform the same regardless of how old the battery is, but his tests indicated that wasn't the case." *Id.*

19. Plaintiff has brought this action on behalf of himself and all others similarly situated to require Apple **(a)** to modify iOS in a manner that prevents it from slowing the performance of Affected iPhones; **(b)** to provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; **(c)** reimburse current owners of Affected iPhones

-5-
COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; **(d)** to compensate current and form owners of Affected iPhones for the costs they incurred in attempting to repair or replace their Affected iPhones due to the battery defect and/or the slow performance caused by the iOS modification; **(d)** to provide current owners of Affected iPhones with new batteries for those devices free of charge; and **(e)** to compensate former owners of Affected iPhones for the cost of replacing those devices prematurely or, alternatively, to provide former owners with the opportunity to return their replacement iPhones in exchange for a refund together with the model of Affected iPhone (with a new battery) that they owned prior to replacing that device.

## CLASS ALLEGATIONS

20. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 and, to the extent applicable, the provisions of and California Civil Code section 1781, on behalf of himself and all other persons similarly situated.

21. The class that Plaintiff seeks to represent is defined as follows: All persons who reside in the United States who **(a)** own an Affected iPhone or **(b)** owned an Affected iPhone and replaced it with a new device.

22. Plaintiff also seeks to represent a subclass that includes each member of the proposed class described in Paragraph 21, above, who is a "consumer," as that term is defined by California Civil Code section 1761(d), or purchased "goods" or "consumer goods," as those terms are defined by California Civil Code sections 1761(a) and 1791(a), respectively (the "Consumer Subclass").

23. Excluded from the class are the following:

    a. Apple, its subsidiaries, affiliates, officers, directors, and employees;



-6-
**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

b. persons who have settled with and validly released Apple from separate, non-class legal actions against Apple based on the conduct alleged herein;

c. counsel, and the immediate families of counsel, who represent Plaintiff in this action;

d. the judge presiding over this action;

e. jurors who are impaneled to render a verdict on the claims alleged in this action; and

f. persons who purchased an Extended Warranty in Colorado or in Florida and made a claim pursuant to the Extended Warranty.

24. Plaintiff are informed and believe that the proposed class comprises millions of members. The class is, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

25. Apple has acted with respect to Plaintiff and members of the proposed class in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all class members. The questions of law and fact common to the class predominate over the questions that may affect individual class members, including the following:

a. whether Apple modified iOS in a manner that slowed the performance of Affected iPhones;

b. whether the representations Apple has made about the nature and scope of the battery defect are false;

c. whether Apple made false representations about the nature and scope of the battery defect for the purpose of concealing it and avoiding the expense of recalling and replacing the batteries in Affected iPhones;



-7-
**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

d. whether Apple used the iOS modification to profit from Plaintiff and members of the proposed class by inducing them to buy a new replacement for their Affected iPhones;

e. whether Apple is subject to liability for fraudulently concealing material facts from Plaintiff and members of the proposed class;

f. whether Apple is subject to liability for violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784;

g. whether Apple's conduct has violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209;

h. whether Apple has been unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Apple to retain the benefits conferred upon it by Plaintiff and the proposed class;

i. whether Plaintiff' claims satisfy the criteria for class certification under Federal Rule of Civil Procedure 23 and, to the extent applicable, California Civil Code section 1781;

j. whether compensatory or consequential damages should be awarded to Plaintiff and members of the proposed class;

k. whether punitive damages should be awarded to Plaintiff and members of the proposed class;

l. whether restitution should be awarded to Plaintiff and members of the proposed class;

m. whether other, additional relief is appropriate, and what that relief should be.

26. Plaintiff' claims are typical of the claims of all members of the class they propose to represent in this action.

27. Plaintiff will fairly and adequately represent and protect the interests of the class, and do not have interests that are antagonistic to or in conflict with those they seek to represent.



**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

28. Plaintiff have retained counsel who have extensive experience in the prosecution of class actions and other forms of complex litigation.

29. In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from a large, transnational corporation such as Apple, the separate claims of individual class members are monetarily insufficient to support separate actions. Because of the size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of in this Complaint.

30. The class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation. Absent a class action, class members will continue to suffer losses, Apple's violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and Apple will retain sums received as a result of its wrongdoing. A class action will provide a fair and efficient method for adjudicating this controversy.

31. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual class members, which would, as a practical matter, dispose of the interests of the class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

32. The proposed class satisfies the certification criteria of Federal Rule of Civil Procedure 23.



-9-
**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

# CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Concealment)**

33. Plaintiff realleges and incorporates by reference the allegations contained in preceding paragraphs of this Complaint.

34. At all times relevant herein, Apple made misrepresentations of material fact to Plaintiff and the proposed class regarding the true nature and scope of the battery defect, claiming that an "unknown" problem was causing certain Affected iPhones to shutdown unexpectedly. Apple also falsely represented the reason that it modified iOS (to prolong battery life) in Affected iPhones, knowing that the modification also substantially slowed the performance of Affected iPhones, which would cause consumers to replace those devices with new iPhones. Apple knew those representations were false when it made them, and did so for the purpose of diminishing the possibility that the facts described in Paragraphs 10 through 18 and 35 of this Complaint (which are incorporated herein by reference) would be discovered by Plaintiff and members of the proposed class.

35. Apple has concealed material facts from Plaintiff and the proposed class, including the following:

    a. the existence, nature, and scope of the battery defect;

    b. that modifying iOS for the ostensible purpose of prolonging battery life also caused Affected iPhones to perform substantially slower as their batteries aged, notwithstanding the iOS modification;

    c. that the battery defect could only be remedied by replacing the lithium batteries in Affected iPhones;

    d. that Apple concealed the foregoing facts from Plaintiff and members of the proposed class as a means of avoiding the expense involved with rectifying the battery defect.

36. Apple had a duty to disclose these facts, regardless of the existence of privity (*see, e.g.,* Cal. Civ. Code § 1711), by virtue of **(a)** Apple's exclusive knowledge about the nature and scope of the battery defect, and that its modifications of iOS caused Affected iPhones to perform poorly; **(b)** Apple's awareness that Plaintiff and members of the proposed class were not reasonably likely to discover these facts; **(c)** Apple's active concealment of those facts from Plaintiff and members of the class (by, *inter alia*, making the false representations described in Paragraphs 10 through 18 and 34, above); and **(c)** Apple's statutory and common-law obligations to disclose material information to the consumers who own or formerly owned Affected iPhones, as alleged herein. Plaintiff would have acted differently if Apple had disclosed this information to him and allowed him to make a fully-informed decision before he purchased a replacement for his Affected iPhone.

37. The facts Apple has concealed from consumers are material and uniform to Plaintiff and to the members of the class he proposes to represent in this action.

38. Apple made misrepresentations of material fact and concealed the material facts alleged herein intentionally and/or recklessly, with the intention that Plaintiff and members of the proposed class would rely on its misrepresentations. Plaintiff and members of the proposed class would have acted differently had the omitted facts been disclosed to them.

39. As a proximate result of Apple's misrepresentations and concealment and suppression of material facts, Plaintiff and the proposed class have sustained damage by, *inter alia,* bearing the cost of purchasing new Affected iPhones; bearing the cost of repairs due to the battery defect and/or problems resulting from the slow performance caused by the iOS modification; and bearing the cost of purchasing replacement devices as a result of the battery defect and/or the slow performance caused by the iOS modification.

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

40. Because Apple engaged in the conduct alleged herein deliberately and with willful and malicious intent, Plaintiff and the proposed class are entitled to an award of punitive damages. The total amount of damages suffered by Plaintiff and members of the proposed class will be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Acts and Practices in Violation of the Consumers Legal Remedies Act)

41. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

42. This claim for relief is brought pursuant to the CLRA. Plaintiff and members of the Consumer Subclass are "consumers," as that term is defined by Civil Code section 1761(d) because they bought Affected iPhones for personal, family, or household purposes.

43. Plaintiff and members of the Consumer Subclass have engaged in a "transaction" with Apple, as that term is defined by Civil Code section 1761(e).

44. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Apple in transactions intended to result in, and which resulted in, the sale of goods to consumers; namely, to sell replacement batteries, repair services, and/or replacement devices for their Affected iPhones.

45. By engaging in the conduct alleged in Paragraphs 10 through 18 of this Complaint, Apple has violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code section 1770 by, *inter alia*, misrepresenting and concealing the true nature and scope of the battery defect and that the modification of iOS would cause Affected iPhones to perform slowly and erratically and not disclosing those facts to Plaintiff and members of the proposed class before they bore the cost of purchasing a replacement device for their Affected iPhone, purchasing a new Affected iPhone, and/or purchasing replacement parts and/or repair services as a result of the battery defect or the iOS modification.

46. By concealing the battery defect and the iOS modification from Plaintiff and members of the proposed class, Apple has represented, and continues to represent, that Affected iPhones have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code section 1770, subsections (a)(5) and (a)(7).

47. By engaging in the conduct alleged herein, above, Apple has also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code section 1770(a)(9).

48. Pursuant to Section 1782 of the CLRA, Plaintiff has sent written notice to Apple by certified mail regarding its violations of the CLRA, thereby providing Apple with an opportunity to correct or otherwise rectify the problems alleged herein within 30 days of receipt of that notice.

49. Unless Apple agrees to correct, repair, replace, or otherwise rectify the problems created by Apple's conduct as alleged herein, Plaintiff will amend this Complaint to seek an order awarding actual damages and, because Apple engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

50. Plaintiff now seeks an order requiring Apple to **(a)** cease violating the CLRA by modifying iOS in a manner that prevents it from slowing the performance of Affected iPhones; **(b)** to provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; and **(c)** to provide current owners of Affected iPhones with new batteries for those devices free of charge.

### THIRD CLAIM FOR RELIEF
### (Unlawful, Fraudulent, and Unfair Business Practices in Violation of the Unfair Competition Law)

51. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

52. By committing the acts and practices alleged herein, Apple has engaged in unlawful, fraudulent, and unfair business practices in violation of the UCL:

    a. **Unlawful Conduct**: As a result of engaging in the conduct alleged in this Complaint, Apple has violated the UCL's proscription against engaging in unlawful conduct by virtue of **(i)** its fraudulent and deceitful conduct in violation of California Civil Code sections 1709 through 1711; and **(ii)** its violations of the Consumers Legal Remedies Act, California Civil Code sections 1770(a)(5), (a)(7), and (a)(9).

    b. **Fraudulent Conduct**: Apple has violated the UCL's proscription against fraud as a result of engaging in the fraudulent and deceitful conduct alleged in paragraphs 10 through 18 of this Complaint.

    c. **Unfair Conduct**: Apple has violated the UCL's proscription against unfair conduct as a result of engaging in the conduct alleged in this Complaint, which violates legislatively-declared policies articulated in, *inter alia*, California Civil Code sections 1710, 1711, and 1770, subsections (a)(5), (a)(7), and (a)(9).

53. Apple's violations of the UCL continue to this day. As a direct and proximate result of Apple's violations of the UCL, Plaintiff has suffered actual damage in that, *inter alia*, they paid more for their Affected iPhones than they would have had Apple not concealed the existence of the battery defect and the effects of its modification of iOS.

54. Pursuant to Section 17203 of the UCL, Plaintiff and the class seek an order that requires Apple **(a)** to modify iOS in a manner that prevents it from slowing the performance of Affected iPhones; **(b)** to provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; **(c)** reimburse current owners of Affected iPhones with the purchase price they paid for those devices after Apple knew, but failed to

-14-

disclose, the existence of the battery defect and the slow performance caused by the iOS modification; **(d)** to provide current owners of Affected iPhones with new batteries for those devices free of charge; **(e)** to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and **(f)** requires Apple to pay the attorney fees and costs incurred by counsel for Plaintiff and the proposed class in accordance with California Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray for relief in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, on behalf of the proposed class, the Consumer Subclass, and any other subclass(es) the Court may deem appropriate;

### AS TO THE FIRST CLAIM FOR RELIEF

1. For an award of monetary damages, including but not limited to, compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

2. For an award of punitive damages in an amount consistent with applicable statutes and precedent;

### AS TO THE SECOND CLAIM FOR RELIEF

3. For an order pursuant to California Civil Code section 1780(a)(2) requiring Apple to **(a)** provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; **(b)** modify iOS in a manner that prevents it from slowing the performance of Affected iPhones; and **(c)** provide current owners of Affected iPhones with new batteries for those devices free of charge;

4. For an order awarding attorney fees and costs pursuant to California Civil Code section 1780(e);



-15-
COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

### AS TO THE THIRD CLAIM FOR RELIEF

5. For an order that requires Apple **(a)** to modify iOS in a manner that prevents it from slowing the performance of Affected iPhones; **(b)** to provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; **(c)** reimburse current owners of Affected iPhones with the purchase price they paid for those devices after Apple knew, but failed to disclose, the existence of the battery defect and the slow performance caused by the iOS modification; **(d)** to provide current owners of Affected iPhones with new batteries for those devices free of charge; **(e)** to make full restitution of all moneys wrongfully obtained from its violations of the UCL, as alleged in this Complaint; and **(f)** requires Apple to pay the attorney fees and costs incurred by counsel for Plaintiff and the proposed class in accordance with California Code of Civil Procedure section 1021.5.

### AS TO ALL CLAIMS FOR RELIEF

6. For an award of attorney fees;

7. For an award of costs;

8. For an award of pre- and post-judgment interest on any amounts awarded; and

9. For any and all other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff and the proposed class demand a jury trial in this action for all the causes of action so triable.

DATED: December 21, 2017   **FAZIO | MICHELETTI LLP**

by   */s/ Jeffrey L. Fazio*

*Attorneys for Plaintiff Keaton Harvey
and the Proposed Class*

-16-

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES